IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| BASIC ENERGY SERVICES, INC., *et al.*, | § § § § | District Court No. 4:24-cv-00213 |
| | § | Adv. Proc. No. 23-03208 |
| *Debtors* | § § § | Main Bankruptcy Case: Chapter 11 |
| PPC ENERGY, LP and PRIEST PETROLEUM CORPORATION, | § § § | Case No. 21-90002 |
| *Plaintiffs, Counter-Defendants, and Appellants* | § § § § | (Jointly Administered) |
| vs. | § § | |
| SELECT ENERGY SERVICES, LLC, | § § | |
| *Defendant, Counter-Plaintiff, and Appellee* | § § § | |

**APPELLEE'S REPLY SUPPORTING MOTION TO DISMISS APPEAL**

TO THE HONORABLE U.S. DISTRICT JUDGE ALFRED H. BENNETT:

Appellants' response to Select's motion to dismiss is untimely, flouts the rules and binding case law, and attempts to distract the Court with half-baked merits arguments which have no place at this procedural stage. This appeal should be dismissed.

**I.    Appellants' Response is Untimely.**

In bankruptcy appeals, Fed. R. Bankr. P. 8013(a)(3)(A) sets a seven-day deadline for responses to motions unless the Court orders otherwise. Appellants waited twenty-one days before filing their untimely response to Select's motion to dismiss, without obtaining an extension.

**II.    There Is No Final Order Under 28 U.S.C. § 158(a)(1).**

Select's motion cites binding Fifth Circuit authority holding that an order resolving fewer

than all claims against all parties in an adversary proceeding is not final absent certification by the Bankruptcy Court under Fed. R. Bankr. P. 7054(b).  Motion at 5 (citing *Matter of Wood and Locker, Inc.*, 868 F.2d 139, 143 (5th Cir. 1989)).  Under *Wood and Locker*, a single-issue ruling like the one at issue here—which indisputably left the Post-Bankruptcy Claims still pending, and didn't even formally resolve the Pre-Bankruptcy Claims—is not "final" as a matter of law.

Appellants' cases and arguments are unpersuasive. *Lentino v. Cage (In re Lentino)*, 1999 WL 77140 (5th Cir. Mar. 5, 1999) did not involve an adversary proceeding; instead, it addressed a bankruptcy court's decision to lift the automatic stay and thus was governed by the more flexible standard for finality applied in the main bankruptcy case, not by *Wood and Locker*.  Similarly, *Ueckert v. Guerra*, 38 F.4th 446, 448-49 (5th Cir. 2022) found that an oral ruling "trigger[s] appeal deadlines *if it is final*" (emphasis added), but addressed an oral ruling denying qualified immunity (which is appealable of-right *despite* being interlocutory), and has nothing to do with bankruptcy or the test for finality in an adversary proceeding. Appellants also cite nothing to support their incorrect assertion that "the bankruptcy court has only expressly exercised jurisdiction over the Pre-Bankruptcy Claims," which is disproven by the fact that the Bankruptcy Court denied Appellants' motion to remand in its entirety in a written order issued November 2, 2023 (Adv. Dkt. 30, ¶ 1).

### III. The Court Should Deny Leave for an Interlocutory Appeal Under 28 U.S.C. § 158(a)(3).

Appellants have utterly failed to show that this appeal involves the sort of exceptional circumstances that can justify disrupting the normal litigation process with a permissive interlocutory appeal under the factors in 28 U.S.C. § 1292(b).  Appellants' one-page, belated[1]

---

[1] As shown in Select's motion, Fed. R. Bankr. P. 8004(a)-(b) required Appellants to file a motion for leave to appeal at the same time as their notice of appeal, but Appellants failed to comply.

argument on this issue fails to justify an interlocutory appeal under § 1292(b) standards.

### A. The appeal raises a question of law.

Select agrees that interpretation of the APA is a question of law because the contract is unambiguous and there are no disputes of material fact.

### B. There is no "substantial ground" for difference of opinion.

The statutory phrase "substantial ground for difference of opinion" is not met simply because Appellants believe a "court has ruled incorrectly." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 724 (N.D. Tex. 2006). Instead, "substantial ground" is a term of art courts have found present where:

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not yet spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

*Id.*; *see also In re Highland Capital Mgmt., L.P.*, No. 3:21-CV-0879-K, 2022 WL 394760, at *3-4 (N.D. Tex. Feb. 9, 2022). Or, as this Court put it, "a movant must normally demonstrate that at least two courts interpret the relevant legal principle differently . . . under substantially similar circumstances." *In re Red River Energy, Inc.*, 415 B.R. 280, 285 (S.D. Tex. 2009) (Lake, J.) (citations omitted). Appellants have failed to meet this test.

First, Appellants fail to address many of the reasons the Bankruptcy Court gave for its ruling, focusing solely on the finding that Appellants' proposed construction of the APA would lead to absurd results. The Bankruptcy Court, however, started its analysis by explaining that its primary objective was to "give [e]ffect to the parties['] . . . intent as expressed in the contractual language" and to "ascertain" such intent "by giving words the meaning a reasonable person would

---

Because this Court's Procedures and Practices limit this reply to five pages, Select reserves the right to address the § 1292(b) factors in more detail in the event this appeal is not dismissed.

afford them under the circumstances and by construing them with the contractual context as a whole and not in isolation." Mot. Ex. 4 at 17:10-22 (citing *Northland Indus. Inc. v. Kouba*, 620 S.W.3d 411, 415 (Tex. 2020)).  These are hornbook principles.

Next, the Bankruptcy Court evaluated the plain text of the APA to determine whether Appellants' judgment against Basic was an "assumed liability" (one arising under environmental law) or an "excluded liability" as such terms are defined in the APA.  Mot. Ex. 4 at 18:10-19; 18:23-19:6; 19:17-19.  Based on its review of the "jury charge and the Record" in the suit against Basic, *id*. at 26:13, the Bankruptcy Court held that the judgment against Basic was a general negligence claim and thus did not "aris[e] under . . . environmental law." *Id*. at 23:20-25:14.  The Bankruptcy Court also reasoned that the parties to the APA did not intend for a judgment in Appellants' suit against Basic to be an assumed liability, because the suit against Basic was known to the parties who signed the APA, but was not listed as an environmental claim on Disclosure Schedule 3.07, and instead was listed as a general liability (a category of liability which Select did <u>not</u> assume) on Disclosure Schedule 3.08.  *See id*. at 14:24-15:18; *id*. at 30:10-16.  The Bankruptcy Court thus followed conventional principles in making its ruling.

It is true that refusal to "enforce unambiguous language of a contract" is reserved for "exceptional cases." *Fairfield Indus. Inc. v. EP Energy & EP Co., L.P.*, 531 S.W.3d 234, 249 (Tex. App.—Houston [14th Dist.] 2017, pet. denied)).  But the Bankruptcy Court never refused to enforce anything.  Instead, it held that, under the plain meaning of the APA, the common-law negligence judgment against Basic did not arise under environmental law.  *See* Mot. Ex. 4 at 24:20-24:14, 25:8-14, and 29:21-30:9.  Although the Bankruptcy Court *also* found that Appellants' construction of the contract would be absurd, that does not take away from its textual analysis.[2]

---

[2] As the Bankruptcy Court explained, Appellants' proposed construction of the APA "leads to an absurd result that virtually any tort or breach of contract claim involving Basic, a company

Finally, Appellants fail to identify any other courts which have reached a different conclusion under similar circumstances and thus cannot show substantial ground for difference of opinion. *See In re Red River Energy, Inc.*, 415 B.R. at 285. Worse, Appellants ignore that the Bankruptcy Court cited an analogous case to ***support*** its construction of the APA. *See* Mot. Ex. 4 at 27:19-29:17 (citing *In re Motors Liquidation Company*, 585 B.R. 708 (Bankr. S.D.N.Y 2018)).

    **C.**    **Immediate appeal would not materially advance the ultimate termination of the suit.**

An appeal would not materially advance the ultimate termination of the suit because the Bankruptcy Court would still need to address the Post-Bankruptcy claims. Appellants argue that resolution of the Pre-Bankruptcy Claims would "allow[] remand of the Post-Bankruptcy Claims." Response, p. 8. But the Bankruptcy Court already denied Appellants' motion to remand. Mot. Ex. 2 (Adv. Dkt. 30). This appeal has only ***slowed down*** the ultimate termination of this suit.

    Respectfully submitted,

/s/ *Jordan W. Leu*
Jordan W. Leu (Attorney in Charge)
  Texas Bar No. 24070139
  S.D. Tex. Bar No. 1133712
  jleu@velaw.com
Thomas P. Mitsch
  Texas Bar No. 24102218
  S.D. Tex. Bar No. 3851803
  tmitsch@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Tel.: (214) 220-7700
Fax.: (214) 999-7715

-and-

Michael J. Moore
  Texas Bar No. 24039068
  S.D. Tex. Bar No. 3859476
  mmoore@brownpruitt.com
BROWN PRUITT WAMBSGANSS DEAN FORMAN & MOORE, P.C.
201 Main Street, Suite 700
Fort Worth, Texas 76102
Tel.: (817) 338-4888

*Attorneys for Select*

---

involved in the oil and gas business, would qualify as arising under environmental law." *Id.* at 25:20-24; *see also id.* at 28:20-25.

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limit of Fed. R. Bankr. P. 8013(f), because, excluding the parts exempted by Fed. R. Bankr. P. 8015(g), this document contains 1,343 words.

This document complies with the typeface requirements of this Court's General Procedure A.7 because it was prepared using Microsoft Word for Microsoft Office 365 and contains double-spaced Times New Roman 12-point font. All footnotes are in Times New Roman 12-point font.

*/s/ Jordan W. Leu*
Jordan W. Leu

**CERTIFICATE OF SERVICE**

I certify that on February 26, 2024, a true and correct copy of the foregoing instrument was filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Jordan W. Leu*
Jordan W. Leu