United States District Court
Southern District of Texas
**ENTERED**
July 24, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: Basic Energy Services, Inc., et al., | |
| *Debtors*[1] | Civil Action No. 4:24-cv-00213<br>Adv. Proc. No. 23-03208 |
| | Main Bankruptcy Case<br>No. 21-90002 |
| PPC Energy, LP and Priest Petroleum Corporation, | |
| *Plaintiffs/ Counter-Defendants/ Appellants* | |
| v. | |
| Select Energy Services, LLC | |
| *Defendant-Appellee* | |

# MEMORANDUM AND RECOMMENDATION

Defendant-Appellee Select Energy Services, LLC ("Select Energy") has moved to dismiss the appeal filed by Plaintiffs/Counter-Defendants/Appellants PPC Energy, LP and Priest Petroleum Corporation (collectively, "Plaintiffs"), Dkt. 2, which was referred to the undersigned judge, Dkt. 8. After carefully

---

[1] The full list of Debtors in the underlying chapter 11 cases are: Basic Energy Services, L.P.; Basic Energy Services, Inc.; C&J Well Services, Inc.; KVS Transportation, Inc.; Indigo Injection #3, LLC; Basic Energy Services GP, LLC; Basic Energy Services Select, LLC; Taylor Industries, LLC; SCH Disposal, L.L.C.; Agua Libre Holdco LLC; Agua Libre Asset Co LLC; Agua Libre Midstream LLC; and Basic ESA, Inc. *See* Dkt. 2 at 1 n.1.

considering the motion, Plaintiffs' response, Dkt. 5, the reply, Dkt. 6, the record, and the applicable law, it is recommended that the motion be granted, and that this appeal be dismissed.

## Background

The facts recounted below are drawn from filings in the underlying adversary proceeding. The Court takes judicial notice of those records.[2]

Plaintiffs own and operate certain oil and gas wells in Reeves County, Texas. *See* Adv. Dkt. 1-1 at 10 (petition). Basic Energy Services ("Basic"), which owned and operated a nearby well, the Orla Kessler, injected wastewater that allegedly damaged Plaintiffs' wells and rendered them unable to produce commercial quantities of oil and gas. *See id.*

In 2020, Plaintiffs sued Basic and other nearby saltwater disposal operators in Reeves County state court (the "Reeves County Suit") to recover for damages to their wells. *See id.* at 11. The next year, Basic filed for bankruptcy under chapter 11. *Id.* The bankruptcy court granted Plaintiffs relief from the automatic stay to pursue the Reeves County Suit, with the caveat that Plaintiffs' recovery on any final judgment would be limited to

---

[2] Filings in the adversary proceeding are referenced as "Adv. Dkt. [number]." Filings in Basic Energy Service's main bankruptcy proceeding are referenced as "Main Dkt. [number],"

insurance proceeds and any third parties, and not from the bankruptcy estate. *See* Adv. Dkt. 39-6 (copy of the order).

The Reeves County Suit proceed to trial, resulting in a September 2022 verdict finding that Basic was negligent, and that its negligence caused millions of dollars in damages. *See* Adv. Dkt. 39-8 at 8-10. Based on the verdict, the state court signed a final judgment awarding Plaintiffs $10,655,000.00 in actual damages; $2,502,624.48 in pre-judgment interest; post-judgment interest at a specified rate; and court costs. *See id.* at 2-3 (copy of final judgment).

Meanwhile, in the bankruptcy proceeding, Select Energy had entered into an Asset Purchase Agreement (the "APA") to acquire Basic's water logistics business. Adv. Dkt. 1-1 at 12; Adv. Dkt. 39-2 (the APA). In September 2021, the bankruptcy court approved the sale of that business, including the Orla Kessler, to Select Energy. *See* Adv. Dkt. 39-5; *see also* Main Dkt. 438.

Under the APA, Select Energy agreed to purchase Basic's assets for $15,000,000 and certain "Stock Consideration," and further agreed to "assume all Assumed Liabilities in accordance with this Agreement." Adv. Dkt. 39-2 § 2.03 at APPX000013; *see also id.* § 2.05(b) at APPX000016. As stated in an attached exhibit, the term "Assumed Liabilities" includes:

> (e) all Liabilities associated with the Assets *arising under Environmental Law*, including with respect to Environmental Claims whether arising on, before or after the Closing Date,

3

> including without limitation those related to the control, storage, handling, transporting and disposing of or discharge of all materials, substances and wastes from the Assets, including produced water, hydrogen sulfide gas, drilling fluids ... and other wastes ....

*Id.* at APPX000079 (Ex. A to APA, emphasis added).

> The APA defined "Environmental Law" as

> any Applicable Law or any binding agreement with any Governmental Authority relating to the protection of occupational or human health and safety (to the extent relating to exposure to Hazardous Substances), the environment (including ambient air, soil, subsurface water or groundwater, or subsurface strata), protection of natural resources, ... the release into the indoor or outdoor environment of pollutants, contaminants, wastes, chemicals, or toxic or other hazardous substances (or the cleanup thereof) or concerning the exposure to, or the generation, storage, transportation, disposal, Release or remediation of any Hazardous Substances.

*Id.* at APPX000082.  In turn, the term "Applicable Law" means "with respect to any Person, any federal, state or local law (statutory, common or otherwise) ... that is binding upon or applicable to such Person ...." *Id.* at APPX000078.

On August 22, 2023, Plaintiffs sued Select Energy in Harris County district court.  *See* Adv. Dkt. 1-1 at 8.  Plaintiffs' breach-of-contract and declaratory judgment claims allege that Select Energy assumed liability for the judgment in the Reeves County Suit, pursuant to the APA.  *See id.* at 13-14, 16-17.  But Plaintiffs also challenged certain post-APA conduct, asserting that Select Energy was negligent and grossly negligent in continuing to inject wastewater into the Orla Kessler, damaging Plaintiffs' wells.  *See id.* at 14-16.

4

Select Energy removed the case to the bankruptcy court, invoking 28 U.S.C. §§ 1334(b), 1367(a), 1441(a), 1446, and 1452(a). Adv. Dkt. 1 at 3. The bankruptcy court denied Plaintiffs' request to remand and denied Select Energy's motion to dismiss the claims. *See* Adv. Dkt. 30 at 1. In the same order, however, the court requested that the parties submit further briefing to address "[w]hether all or any portion of the 'Final Judgment' [in the Reeves County Suit] is an 'Assumed Liability' as defined in the [APA] approved by the Court in connection with the Order at Main Case Docket No. 438." *Id.*

After the parties briefed the issue, the bankruptcy court held a hearing on January 4, 2024. *See* Dkt. 2-4 (transcript). At the hearing, the bankruptcy court announced its oral ruling that the state court judgment in the Reeves County Suit, being premised on the jury's finding that Basic was negligent, did not "arise[] under environmental law" such that it qualified as an "Assumed Liabilit[y]" under the APA. *See id.* at 18-29 (listing myriad reasons).

The court then asked the parties, "tell me what you want me to do now." *Id.* at 32. Select's counsel proposed conferring with Plaintiffs' counsel to set a schedule, while Plaintiffs' counsel indicated that the court's ruling had resolved only "one issue" in their "hybrid complaint." *See id.* Plaintiffs' counsel anticipated needing "to do an amended complaint ... as well as tee up the motion for summary judgments, or competing motions for summary judgments" and agreed to work with Select on these issues. *See id.* at 33-34.

The court closed the hearing by asking the case manager to check in with the parties in about two weeks. *See id.* at 34. The court did not issue an order or judgment that resolved any claim.

Two weeks later, Plaintiffs filed a notice of appeal from the bankruptcy court's January 4, 2024 oral ruling on the limited question of whether the Reeves County judgment was an "Assumed Liability" under the APA. *See* Dkt. 1. Select then filed a motion to dismiss the appeal, Dkt. 2, to which Plaintiffs responded, Dkt. 5, and Select replied, Dkt. 6.

## Analysis

### I. The bankruptcy court's determination that the prior judgment is not an "Assumed Liability" under the APA is interlocutory.

Moving to dismiss, Select Energy contends that the bankruptcy court's January 4, 2024 oral ruling is interlocutory and non-reviewable. *See* Dkt. 2 at 5. Plaintiffs barely dispute this contention. *See* Dkt. 5 at 5-6.

Under 28 U.S.C. § 158(a), this Court's appellate jurisdiction is limited to (1) "final judgments, orders, and decrees"; (2) "interlocutory orders and decrees" under 11 U.S.C. § 1121(d) that increase or reduce time periods specified in that provision; and (3) "other interlocutory orders and decrees" only "with leave of the court." Section 158(a)(2) does not apply because Plaintiffs have not challenged any time period prescribed in 11 U.S.C. § 1121(d). Agreeing with Select, the undersigned further concludes that the bankruptcy

6

court's January 4, 2024 ruling does not constitute a final judgment, order, or decree under Section 158(a)(1).

Select correctly explains that the bankruptcy court's ruling "resolved only one discrete issue" in the adversary proceeding. *See* Dkt. 2 at 5. In adversary proceedings, an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is interlocutory unless the bankruptcy court enters a separate final judgment under Fed. R. Bankr. P. 7054 and Fed. R. Civ. P. 54(b)). *See In re Wood & Locker, Inc.*, 868 F.2d 139, 143 (5th Cir. 1989).

Plaintiffs tacitly concede that they cannot satisfy this standard. While the concept of finality is somewhat looser in a *main* bankruptcy case, as Plaintiffs note, *see* Dkt. 5 at 5-6, the Fifth Circuit's *Wood & Locker* decision reflects that the same is not true of rulings that fail to resolve all claims in a separate *adversary* proceeding, *see* 868 F.2d at 143 (holding that bankruptcy court's order granting summary judgment on some, but not all, claims is interlocutory and not reviewable). Moreover, Plaintiffs admit that the bankruptcy court's ruling does not affect other claims that are also pending in the adversary proceeding. *See* Dkt. 5 at 5 (admitting that "the bankruptcy court's order was not dispositive over both Pre-Bankruptcy Claims and Post-Bankruptcy Claims"). Indeed, Plaintiffs' pleading below asserts negligence and gross negligence claims targeting Select Energy's operations of the Orla

7

Kessler that have nothing to do with whether it assumed liability for the Reeves County Suit. *See* Adv. Dkt. 1-1 at 14-16.

Plaintiffs also appear to concede that they filed a notice of appeal protectively, merely to avoid the risk of having their appellate deadline expire. *See* Dkt. 5 at 6. That apprehension cannot confer this Court with appellate jurisdiction where none exists. Because the bankruptcy court's ruling does not resolve all claims in the adversary proceeding, it is not final and, thus, not reviewable under Section 158(a)(1).

## II.   Leave to appeal is unwarranted.

In response to Select Energy's motion to dismiss, Plaintiffs request that this Court grant leave to pursue an interlocutory appeal under Section 158(a)(3) from the bankruptcy court's January 4, 2024 ruling. *See* Dkt. 5 at 6-8. Select Energy maintains, and the Court agrees, that Plaintiffs failed to show that such an appeal is justified. *See* Dkt. 6 at 2-5.

District courts have discretion to grant leave to appeal bankruptcy court orders that are interlocutory. *See* 28 U.S.C. § 158(a)(3); *In re O'Connor*, 258 F.3d 392, 399-400 (5th Cir. 2001) ("[T]he decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion."). Section 158(a)(3) does not specify any criteria that informs the court's discretion. As the Fifth Circuit has recognized, however, district courts commonly apply the well-developed standard under 28 U.S.C. § 1292(b)

8

governing the certification of interlocutory appeals from district court orders. *See In re Red River Energy, Inc.*, 415 B.R. 280, 284 (S.D. Tex. 2009) (citing *Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991)).

Under Section 1292(b), an interlocutory appeal can be certified where (1) the order involves a controlling question of law; (2) substantial ground for difference of opinion exist on the question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *See Clark-Dietz & Assocs. v. Basic Constr. Co.*, 702 F.2d 67, 68 & n.1 (5th Cir. 1983). Because the law disfavors piecemeal appeals, certification of an interlocutory appeal is reserved for "exceptional" cases, and only when the party seeking certification satisfies all three requirements. *See id.* at 69; *see also In re Royce Homes LP*, 466 B.R. 81, 94 (S.D. Tex. 2012) (same observation for bankruptcy appeal under 28 U.S.C. § 158(a)(3)).

The first requirement for interlocutory appeal is met, as the interpretation of the APA's unambiguous terms presents a pure question of law. Both parties agree on this point. *See* Dkt. 5 at 7; Dkt. 6 at 3.

But on the second requirement, Plaintiffs fail to show that a substantial ground for difference of opinion exists. This is a high threshold, typically requiring the movant to show "at least two courts interpret the relevant legal principle differently ... under substantially similar circumstances." *In re Red*

9

*River Energy, Inc.*, 415 B.R. at 285. Plaintiffs do not identify any authority that resolved a similar issue differently.

Instead, Plaintiffs' framing of the bankruptcy court's opinion disregards the thrust of its reasoning. That court did not disregard unambiguous contractual language merely to avoid an absurd result, as Plaintiffs claim. *See* Dkt. 5 at 8. Rather, the bankruptcy court applied dictionary definitions of the phrase "arising under," analyzed the jury charge that led to the judgment in the Reeves County Suit, and concluded that the jury's negligence finding against Basic, being derived from the common law, did not "arise[] under environmental law" as required to constitute an Assumed Liability under the APA. *See* Dkt. 2-4 at 18-29. And the bankruptcy court did so while keeping in mind that courts must "give [e]ffect to the parties' ... intent as expressed in the contractual language" and to "ascertain" that intent "by giving words the meaning a reasonable person would afford them under the circumstances and by construing them with the contractual context as a whole and not in isolation." *Id.* at 17 (quoting *Northland Indus. Inc. v. Kouba*, 620 S.W.3d 411, 415 (Tex. 2020)).

At bottom, Plaintiffs disagree with how the bankruptcy court applied settled contract interpretation principles to the APA's terms. That is not enough to show a "substantial ground for difference of opinion." *See Mariner*

*Energy, Inc. v. Devon Energy Prod. Co.*, 2010 WL 11583177, at *1-2 (S.D. Tex. July 15, 2010) (denying certification in contract-interpretation dispute).

The third requirement for interlocutory appeal is likewise unmet because immediate review of the bankruptcy court's January 4, 2024 ruling would not expedite the resolution of unrelated claims in the adversary proceeding. Plaintiffs insist that resolving the viability of the APA-based claims would "allow[] remand" of those other, negligence-based claims. Dkt. 5 at 8. But the bankruptcy court has already denied Plaintiffs' request to remand the suit to state court. *See* Adv. Dkt. 30. Granting leave to appeal therefore risks stalling, rather than accelerating, the ultimate resolution of the adversary proceeding.

In short, Plaintiffs failed to justify permitting an immediate appeal of the bankruptcy court's interlocutory ruling. This appeal should be dismissed.

### Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Select Energy Services, LLC's motion to dismiss this bankruptcy appeal (Dkt. 2) be **GRANTED**, and that Plaintiffs PPC Energy LP's and Priest Petroleum Corporation's appeal be **DISMISSED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude**

11

appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

    Signed on July 24, 2024, at Houston, T x .

                                              Yvonne Y. Ho
                                              United States Magistrate Judge